■ In the Matter of KEITH KALISH, Petitioner v JOHN P. KEANE et al., Respondents. [681 NYS2d 336] —Proceeding pursuant to CPLR article 78 to review a determination of the Commissioner of the New York State Department of Correctional Services, dated January 22, 1997, which affirmed a determination of a Hearing Officer dated November 4, 1996, made after a Tier III disciplinary hearing, finding the petitioner guilty of violating a prison disciplinary rule prohibiting the possession or use of a controlled substance, and imposing a penalty.

Adjudged that the petition is granted, on the law, without costs or disbursements, the determination is annulled, the charge is dismissed, and the respondents are directed to

expunge all references to the charge and the proceedings from the petitioner's institutional records.

In reviewing a prison disciplinary determination, the question is whether the determination is supported by substantial evidence (*see,* CPLR 7803 [4]). "While the quantum of evidence that rises to the level of 'substantial' cannot be precisely defined, the inquiry is whether 'in the end the finding is supported by the kind of evidence on which responsible persons are accustomed to rely in serious affairs' " (*People ex rel. Vega v Smith,* 66 NY2d 130, 139, quoting *National Labor Relations Bd. v Remington Rand,* 94 F2d 862, 873, *cert denied* 304 US 576). "Put another way, substantial evidence 'means such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact' " (*People ex rel. Vega v Smith,* 66 NY2d 130, 139, *supra,* quoting *300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176, 180).

The petitioner presented evidence that he was taking medication for which he had received a prescription from prison doctors, and that the medication could cause a false positive in a urine test. In seeking to confirm that this medication could cause a false positive, the Hearing Officer consulted with a representative from a manufacturer of a urine test. That representative, however, who was not from the company that manufactured the urine test used on the petitioner, stated that she had no knowledge as to whether the medication used by the petitioner could cause a false positive in the urine test actually used on the petitioner. Accordingly, we conclude that the determination that the petitioner violated a prison disciplinary rule prohibiting the possession or use of a controlled substance is not supported by substantial evidence. Rosenblatt, J. P., Santucci, Altman and Friedmann, JJ., concur.